IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| DAVID A. BEAM, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No.: _____ |
| | ) | Jury Demand |
| SOUTHEASTERN FREIGHT LINES, INC. | ) | |
| Defendant. | ) | |

_____

**COMPLAINT**
_____

COMES NOW the Plaintiff, DAVID A. BEAM, by and through counsel, and seeks declaratory, injunctive and equitable relief, compensatory and punitive damages, back and front pay, and attorneys fees, court costs, discretionary costs and all other damages to which he is entitled, for age discrimination suffered by Plaintiff, DAVID A. BEAM, while employed by the Defendant, SOUTHEASTERN FREIGHT LINES (referred to herein as "SOUTHEASTERN FREIGHT"). Pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. 621 *et seq.*, the North Carolina Equal Employment Practices Act, the Americans with Disabilities Act, and the North Carolina Persons with Disabilities Protection Act, Plaintiff seeks to correct unlawful employment practices based on age and/or physical impairment.

**PARTIES**

1. Plaintiff, DAVID A. BEAM, was first employed by SOUTHEASTERN FREIGHT LINES, INC. ("SOUTHEASTERN FREIGHT") in November 1989 at its facility in Fayetteville, North Carolina. The Plaintiff is male; over age 40; and, he is a citizen of the United

States of America and the State of North Carolina.

2. SOUTHEASTERN FREIGHT is an active foreign limited liability company duly registered with the Secretary of State of North Carolina, whose agent for service of process is United States Corporation Company, 2626 Glenwood Avenue, Suite 550, Raleigh, North Carolina 27608. The Defendant SOUTHEASTERN FREIGHT operates truck terminals in several states, and at all relevant times, has continually employed at least fifty (50) employees, and has continuously been, and is now, an employer engaged in an industry affecting commerce.

## JURISDICTION AND VENUE

3. This action arises under the Age Discrimination in Employment Act of 1967, 29 U.S.C. 621 *et seq.;* the Americans with Disabilities Act, 42 U.S.C. 12183; the common and codified law of the State of North Carolina.

4. Jurisdiction over the federal issues is invoked pursuant to 28 U.S.C. §1331 and 1343 and related provisions and over the state law claims pursuant to the doctrine of pendent jurisdiction. Venue is proper because the events alleged substantially occurred in the facility operated by Defendant in Fayetteville, North Carolina, and Defendant maintains a business presence in the Eastern District of North Carolina.

5. This action properly lies in the Eastern District of North Carolina pursuant to 28 U.S.C. §1391(b), for the claim arose in this judicial district, and pursuant to 42 U.S.C. § 2000e, for the unlawful employment practices substantially were committed in this judicial district.

6. All conditions precedent to an Age Discrimination in Employment Act of 1967 case and/or an Americans with Disabilities Act case and to jurisdiction under 42 U.S.C. § 2000e-5(f)(3) have occurred or been complied with, to-wit: a charge of employment discrimination was filed with

the Equal Employment Opportunity Commission within 300 days of the commission of the unfair employment practice; a Notification of Right to Sue was issued by the Equal Employment Opportunity Commission on December 28, 2017 (copy attached); this Complaint has been filed within 90 (ninety) days of receipt of the Notification of Right to Sue.

## **FACTUAL ALLEGATIONS**

7. On or about December 10, 2014, DAVID A. BEAM was working as Outbound Supervisor for SOUTHEASTERN FREIGHT when he experienced supraventricular tachycardia (SVT) symptoms, and was hospitalized for two days, missing part of work on Thursday and all of Friday and Monday. SVT is a heart issue caused by a problem with electrical impulses in the heart resulting in a rapid heart beat and/or fluttering in the chest, shortness of breath, and feeling faint.

8. On December 31, 2014, DAVID A. BEAM had another SVT episode and went to the emergency room, was released later in the day, and returned to duty at SOUTHEASTERN FREIGHT. DAVID A. BEAM experienced additional SVT episodes on January 19, 2015, February 26, 2015, and May 7, 2015. DAVID A. BEAM disclosed his heart condition to his supervisor, his need for heart surgery, scheduled a few days off for surgery, and disclosed the risk associated with surgery.

9. On June 18, 2015, DAVID A. BEAM had Cardiac Ablation surgery to correct the SVT issue. DAVID A. BEAM was off of work for three days, taken as personal time off. The surgery was very successful. DAVID A. BEAM returned to duty and has had no further SVT episodes following surgery.

10. During the prior of December 10, 2014 through June 18, 2015, DAVID A. BEAM's job data for the outbound freight shift he supervises was satisfactory when compared to other

similarly situated outbound supervisors.

11. In July, 2015, approximately two weeks after surgery, DAVID A. BEAM met with his direct supervisor and his regional human resources director who verbally asked if he was capable of performing his job functions or required a lesser job to accommodate his condition. DAVID A. BEAM assured them that his heart surgery was very successful and that he was capable of performing his job functions at the same level he had performed over the years.

12. On October 10, 2015, DAVID A. BEAM received a written corrective action for unsatisfactory job performance from his supervisor who stated that the outbound shift was not getting the job done. In reality, the outbound shift had high performance data except for load average, which varied because of a company change in measurement and calculation of load average data. The outbound shift's high performance contributed to carrying the overall team total goals for the terminal in Fayetteville, North Carolina. There was no focus quality follow up as required by company policy following a written corrective action.

13. Between October 10, 2015 and April 1, 2016, the data for the outbound shift at the Fayetteville facility operated by SOUTHEASTERN FREIGHT was by comparison among the highest in the region. As a company policy, SOUTHEASTERN FREIGHT places strong emphasis on data as the proper measurement of performance.

14. On April 1, 2016, DAVID A. BEAM received a written corrective action for unsatisfactory job performance from his supervisor who stated the outbound shift was not getting the job done. In reality, the outbound shift had high performance data for the region.

15. On April 24, 2016, DAVID A. BEAM met with his direct supervisor and his regional supervisor who requested that he go to the Charlotte Service Distribution Center for training.

DAVID A. BEAM agreed and went to the Charlotte Service Center and worked in the break relay station operation where his personal data and matrixes as measured by the employer were high. In reality, there was no training in working at the break relay station because the essential functions of that area are different than the outbound freight process he supervises. In addition to the break relay station, the Charlotte Service Center has an outbound shift that is on a larger scale than the outbound shift found at the Fayetteville facility of SOUTHEASTERN FREIGHT.

16. During October through December 2016, the outbound shift experienced employee turn over. DAVID A. BEAM trained new employees to fill these positions. The outbound shift data was by comparison better than most of the similarly situated outbound shifts in the region.

17. On January 23, 2017, DAVID A. BEAM received a written corrective action for unsatisfactory job performance from his supervisor who stated the outbound shift was not getting the job done. In reality, the outbound freight shift data was better than most outbound freight date in the region. The data for the outbound freight continued to show improvement in 2017.

18. On March 15, 2017 and May 1, 2017, DAVID A. BEAM received a written corrective action for unsatisfactory job performance from his supervisor who stated the outbound shift was not carrying the data for the terminal's team goal performance. The supervisor admitted that the data had improved for the outbound shift. The supervisor refused to review the data on the process charts to identify specific alleged deficiencies in the outbound shift.

19. On June 12, 2017, DAVID A. BEAM was demoted from outbound shift supervisor, a salaried position, to an hourly position as a dock worker. DAVID A. BEAM was told that he must accept the demotion or face immediate termination. When asked to review the outbound shift process data, the regional supervisor and supervisor refused, and responded that the process data did

not matter. In reality, performance at SOUTHEASTERN FREIGHT is measured by process data.

## CLAIM I - Age Discrimination

20. The allegations contained in Paragraphs 1-19 are realleged and incorporated by this reference as if set forth herein.

21. DAVID A. BEAM is over 40 years old and is a member of a protected class of persons over 40 years old.

22. At all times relevant hereto, Plaintiff DAVID A. BEAM was qualified for his position as outbound freight supervisor and was employed by SOUTHEASTERN FREIGHT for approximately twenty-nine years.

23. On June 12, 2017, Defendant SOUTHEASTERN FREIGHT demoted Plaintiff DAVID A. BEAM.

24. DAVID A. BEAM was treated adversely as compared to other employees under 40 years old. DAVID A. BEAM was demoted by Defendant SOUTHEASTERN FREIGHT on the basis of his age, in violation of the Age Discrimination Employment Act of 1967.

25. Any basis for the demotion of DAVID A. BEAM alleged by Defendant SOUTHEASTERN FREIGHT is pretextual and in violation of federal and state law.

26. This violation has caused Plaintiff DAVID A. BEAM to lose pay and other benefits of his employment. Plaintiff DAVID A. BEAM seeks reinstatement, compensatory and punitive damages, equitable relief, front pay, back pay, prejudgement interest, damages for humiliation and embarrassment, and attorneys fees and costs.

## CLAIM II - Violation of North Carolina Equal Employment Practices Act

27. The allegations contained in Paragraphs 1-26 are realleged and incorporated by

this reference as if set forth herein.

28. The acts of Defendant SOUTHEASTERN FREIGHT have discriminated against Plaintiff DAVID A. BEAM in violation of the North Carolina Equal Employment Practices Act.

29. This violation has caused Plaintiff DAVID A. BEAM to lose pay and other benefits of his employment. Plaintiff DAVID A. BEAM seeks reinstatement, compensatory and punitive damages, front pay, back pay, equitable relief, prejudgement interest, damages for humiliation and embarrassment, and attorneys fees and costs.

### CLAIM III - Violation of the Americans with Disabilities Act

30. The allegations in paragraph 1 - 29 are realleged and incorporated by this reference as if set forth herein.

31. DAVID A. BEAM had a disability that impairs one or more major life activities from December 10, 2014 through June 18, 2015, had a record of such impairment, and/or SOUTHEASTERN FREIGHT perceives DAVID A. BEAM as having such an impairment.

32. DAVID A. BEAM is qualified to work for SOUTHEASTERN FREIGHT in his former position as outbound freight shift supervisor.

33. SOUTHEASTERN FREIGHT demoted DAVID A. BEAM on the basis of a former disability, record of a disability, or a perceived disability in violation of the ADA.

34. SOUTHEASTERN FREIGHT does not have a legitimate non-discriminatory reason for demoting DAVID A. BEAM.

35. This unlawful demotion has caused DAVID A. BEAM to lose pay and other benefits of his employment. DAVID A. BEAM seeks reinstatement, compensatory and punitive damages, front pay, back pay, equitable relief, prejudgment interest and attorney fees and costs.

### CLAIM IV - Violations of North Carolina Persons with Disabilities Protection Act

36. The allegations in paragraph 1 - 35 are realleged and incorporated by this reference as if set forth herein.

37. SOUTHEASTERN FREIGHT demoted DAVID A. BEAM on the basis of a former disability, record of disability, or a perceived disability in violation of the North Carolina Persons with Disabilities Protection Act, NC Gen. Stat. § 168A.

38. This unlawful demotion has caused DAVID A. BEAM to lose pay and other benefits of his employment. DAVID A. BEAM seeks reinstatement, compensatory and punitive damages, front pay, back pay, equitable relief, prejudgment interest and attorney fees and costs.

### CLAIM V - Breach of Contractual Obligations

39. The allegations contained in Paragraphs 1-38 are realleged and incorporated by this reference as if set forth herein.

40. SOUTHEASTERN FREIGHT breached its contractual duties to DAVID A. BEAM by demoting him in his title and pay in violation of SOUTHEASTERN FREIGHT's own employment policies.

41. DAVID A. BEAM has been damaged by the Defendant's breach of contract. DAVID A. BEAM seeks actual and consequential compensatory damages and such other relief as may be just and proper.

WHEREFORE, Plaintiff, DAVID A. BEAM, prays this Honorable Court to:

A. Empanel a jury to hear this cause of action.

B. Enter a declaratory judgment that the practices complained of herein are unlawful and in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C.

621 *et seq.*;

C. Enter a declaratory judgment that the practices complained of herein are unlawful and in violation of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*;

D. Enter a declaratory judgment that the practices complained of herein are unlawful and in violation of the North Carolina Equal Employment Practices Act, NC G.S. §143-422.2 *et seq.*;

E. Enter a declaratory judgment that the practices complained of herein by the Defendant breached its contractual obligations to the Plaintiff;

F. Permanently enjoin the Defendant, its agents, successors, officers, employees, attorneys, and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices to be in violation of applicable law;

G. Order modification or elimination of practices, policies, customs, and usage set forth herein and all other such practices shown to be in violation of applicable law so that they do not discriminate on the basis of age and/or impairment or perceived impairment;

H. Compensate and make whole Plaintiff for all earnings, wages, and other benefits he would have received but for the discriminatory practices of the Defendant;

I. Award Plaintiff reasonable front-pay and back-pay and compensation. Plaintiff also requests compensatory and punitive damages, and prejudgment interest;

J. Grant Plaintiff a trial by jury and monetary judgments. Plaintiff also seeks reinstatement with back pay;

K. Award Plaintiff the costs and disbarments of this action, including reasonable attorney's fees in accordance with applicable law; prejudgment interest; court costs; and discretionary costs;

M. Grant such other relief as may be just and proper.

Respectfully submitted,

/s/ John Beam
John A. Beam, III (TN BPR# 11796)
Equitus Law Alliance, PLLC
709 Taylor Street
P.O. Box 280240
Nashville, Tennessee 37228
(615) 251-3131
FAX: (615) 252-6404
beam@equituslaw.com
Attorney for Plaintiff

/s/ Gene Riddle
Gene A. Riddle* (NC Bar # 13085)
4600 Marriott Drive, Suite 500
Raleigh, NC 27612
(919) 778-9700
gar@justicecounts.com
*appearing as Local Rule 83.1 Counsel
Attorney for Plaintiff