IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-00124-D

**David Beam**,

    Plaintiff,

v.

**Southeastern Freight Lines, Inc.**,

    Defendant.

**Order**

    Plaintiff David Beam sued Defendant Southeastern Freight Lines, Inc. for age discrimination in violation of the Age Discrimination in Employment Act of 1967 (ADEA) and the Americans with Disabilities Act (ADA). Am. Compl., D.E. 13.[1] Beam worked as a supervisor for Southeastern Freight for almost 29 years until the company demoted him and placed a younger employee in his former position. *Id.* ¶¶27−29.

    Before the court are two motions: Beam's motion to seal Southeastern Freight's Leader's Guide (D.E. 63) and Southeastern Freight's motion to strike Beam's responses to its Motion for Summary Judgment and Statement of Undisputed Fact as untimely (D.E. 71). After reviewing each motion, the court will grant both Beam's motion to seal and Southeastern Freight's motion to strike.

**I.    Motion to Seal**

    Before granting a party's motion to seal, the court "must comply with certain substantive and procedural requirements." *Va. Dep't of State Police* v. *Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). Procedurally, the district court must (1) give the public notice and a reasonable chance to

---

[1] Beam filed additional claims but after the court's ruling on Southeastern Freight's motion to dismiss, only his ADEA and ADA claims remain. *See* D.E. 29.

challenge the request to seal; (2) "consider less drastic alternatives to sealing"; and (3) if it decides to seal, make specific findings and state the reasons for its decision to seal over the alternatives. *Id.*

And "[a]s to the substance, the district court first must determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." *Id.* A court may seal documents "if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). The factors the court considers in making this determination include "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *Id.* The court must find that the circumstances of a motion overcome both the First Amendment and common law presumption of access.

Beam asks the court to seal Southeastern Freight's Leader's Guide (D.E. 62) produced in discovery. D.E. 63. He asserts the Guide "describes the Defendant employer's expectations of supervisors" and may contain proprietary information belonging to Southeastern Freight. *Id.* Beam moved to seal in January 2020. The motion to seal has been on the public docket since that time and no member of the public has opposed it. And Southeastern Freight has not opposed the motion.

After considering the motion to seal and the proposed sealed document, the court finds that it should grant the motion to seal because all the factors set out in *In re Knight Publishing Co.* are satisfied. Beam has shown that the Guide contains confidential proprietary information about Southeastern Freight's culture, management style, and leadership, including its "Game Plan for Success." The Consent Protective Order entered here considers this type of information to be

2

confidential and the public has no proper purpose to seek it. Based on this showing, the court finds that the circumstances presented by this motion overcome both the First Amendment and common law presumption of access. Additionally, although the public has had notice of the request to seal and a reasonable opportunity to oppose the motion, no objections have been filed. Finally, the court has considered less dramatic alternatives to sealing and finds that they would be inadequate to preserve the confidentiality of the proprietary information in the Guide.

Thus, Beam's motion to seal (D.E. 63) is granted and the court orders that the Clerk of Court permanently seal Southeastern Freight's Leader's Guide (D.E. 62).

## II. Motion to Strike

Southeastern Freight asks the court to strike Beam's Response to Defendant's Motion for Summary Judgment (D.E. 67) and Beam's Response to Defendant's Statement of Undisputed Fact (D.E. 68) as untimely. D.E. 71. Under the Local Rules, Beam had until January 10, 2020, to respond to Southeastern Freight's Motion for Summary Judgment. Beam did not file until January 17, 2020—seven days after the deadline. *Id.* at 1−2. The late filing stemmed from Beam's counsel inadvertently mis-calendaring the deadline.

Beam admits that he did not meet the deadline and did not ask for an extension of time before it expired. D.E. 74 at 2; D.E. 75. But he asks the court to accept his tardy filing for three reasons. First, he argues that Southeastern Freight did not suffer any prejudice because of his misstep. D.E. 74 at 2. Second, Beam maintains that the filing caused little interference with the judicial process. *Id.* And finally, he claims that striking his responses would be unjust because it would lead to Southeastern Freight's Motion for Summary Judgment being unopposed. *Id.*

Federal Rule of Civil Procedure 6(b)(1) allows a court to grant an extension of time where a filing deadline has already expired "if the party failed to act because of excusable neglect." Fed.

R. Civ. P. 6(b)(1)(B). In considering whether excusable neglect caused a party's delay, the court considers "the danger of prejudice [to the non-moving party], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co.* v. *Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see also Bredell* v. *Kempthorne*, 290 F. App'x 564, 565 (4th Cir. 2008) (unpublished). "[T]he burden of demonstrating excusability lies with the party seeking the extension and a *mere concession of palpable oversight or administrative failure generally has been held to fall short of the necessary showing*." *Thompson* v. *E.I. Dupont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996) (emphasis in original), *superseded by rule on other grounds as stated in Haynes* v. *Genuine Parts Co.*, No. 1:13-CV-615, 2015 WL 8484448, at *2 (M.D.N.C. Dec. 9, 2015).

Three of the factors identified by the Fourth Circuit weigh in Beam's favor. There is no evidence that Southeastern Freight suffered prejudice because of the late filing. And Beam's failure to file his responses on time had limited effect on judicial proceedings. His filings were seven days late. The case was not set for trial, and no replies were filed. Beam also acted in good faith by filing his responses within the deadline as he perceived it and candidly admitting his error to the court.

Even so, the Fourth Circuit has explained that the reason for the late filing is the "most important of the factors" in the excusable neglect analysis. *Thompson*, 76 F.3d at 534. The moving party must have "a reasonable basis for noncompliance within the specified time period." *Eagle Fire. Inc.* v. *Eagle Integrated Controls, Inc.*, No. 3:06-cv-264, 2006 WL 1720681, at *4 (E.D. Va. June 20, 2006). And on this point, Beam does not fare well.

Courts in the Fourth Circuit have nearly uniformly held that calendaring errors like the one that caused the late filing here cannot be considered excusable neglect. *See, e.g.*, *Agnew* v. *United Leasing Corp.*, 680 F. App'x 149, 155 (4th Cir. 2017) (affirming a district court's denial of a motion to file an untimely brief based on a claim that counsel "mistakenly calendared the wrong date"); *Symbionics, Inc.* v. *Ortlieb*, 432 F. App'x 216, 220 (4th Cir. 2011) (unpublished) (declining to find excusable neglect where a calendaring error caused plaintiff's filing to be one day late and holding "this neglect is precisely the sort of 'run-of-the-mill inattentiveness by counsel' that we have consistently declined to excuse in the past"); *Z.G.* v. *Pamlico Cty Pub. Schs. Bd. of Educ.*, No. 4:15-CV-00183-D, 2019 WL 7987816, at *5–6 (E.D.N.C. Dec. 2, 2019) (holding that a calendaring error does not rise to the level of excusable neglect); *Velazquez* v. *Salsas & Beer Rests., Inc.*, No. 5:15-CV-00146-D, 2016 WL 3339488, at *1–2 (E.D.N.C. June 13, 2016) (rejecting a calendaring error as a basis for excusable neglect); *Long* v. *M&M Transp., LLC*, No. 3:13-CV-65, 2014 WL 12844184, at *2 (N.D.W. Va. Jan. 9, 2014) (noting plaintiffs did not identify any "forces outside of their control that impacted their ability to calendar the correct date" in declining to find excusable neglect where late filing was caused by calendaring error). *But see Alvarez-Soto* v. *B. Frank Joy, LLC*, 258 F. Supp. 3d 615, 622 (D. Md. 2017) (accepting "Plaintiff's representation of a calendaring error and conclud[ing] that the failure to respond to the Motions was the result of 'excusable neglect'").

Beam's failure to correctly calendar the response date does not qualify as excusable neglect. He has not shown there were any extraordinary circumstances that caused the calendaring error. Instead, it was within his reasonable control. Thus, the court finds that Beam has not established excusable neglect for his late filings.

Yet striking Beam's responses does not mean that Southeastern Freight will automatically prevail on its motion. The court must carefully analyze Southeastern Freight's motion to ensure that it is entitled to the relief it seeks even though it is striking Beam's response. *Maryland* v. *Universal Elections, Inc.*, 729 F.3d 370 (4th Cir. 2013) (holding courts must thoroughly analyze unopposed motions for summary judgment). The court's independent review of the summary judgment filings will ensure that the matter is decided on the merits instead of just because of an untimely filing.

Thus, the court will grant Southeastern Freight's Motion to Strike Beam's Response to Defendant's Motion for Summary Judgment and Response to Defendant's Statement of Undisputed Fact.

Dated:  April 13, 2020

_____
Robert T. Numbers, II
United States Magistrate Judge